John E. Ofstie *vs.* Anthony Kelly.

June 9, 1885.

**Public Nuisance—Action by Private Person.**—A private person cannot maintain an action to abate a public nuisance where he sustains no injury therefrom special or peculiar to himself.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Ueland, Shores & Holt,* for appellant.

*Wilson & Lawrence,* for respondent.

MITCHELL, J. Action to abate a nuisance and for damages. The plaintiff had rented of defendant the ground floor of a two-story building, fronting on Hennepin avenue, to be used exclusively as a clothing and tailoring establishment. The nuisance complained of was the construction and maintenance of a stairway (and iron railing to guard the same) in the sidewalk, in front of part of the leased premises, as a means of access to an area under the sidewalk. The allegations as to damage are that this stairway and railing obstructs access to the leased premises, rendering the approach to them inconvenient, unsightly, and dangerous, and seriously interferes with the comfortable use and enjoyment of the premises by the plaintiff in the conduct of his business, and that the value of the use and occupation of the premises, and the *rental value thereof,* have been greatly diminished.

The place where the stairway and railing are situated is wholly in the public street, and constitutes no part of the premises leased by plaintiff. The findings of the court (which are sustained by the evidence) are that the stairway and railing did not depreciate the rental value of the portion of the building occupied by plaintiff, and that plaintiff's trade was not affected thereby. This in effect amounts to a finding that plaintiff has sustained no damage special or peculiar to himself. Hence, assuming that this stairway, being in the street, is a public nuisance, the plaintiff cannot maintain an action for its abatement.

As to the exception to the ruling of the court excluding evidence as to the depreciation of the rental value of the premises for a clothing store, and admitting only evidence of the depreciation of the rental value generally, it is enough to say that this was the issue tendered by the plaintiff's own pleading, and he cannot complain that the evidence was required to be directed to that issue. The plaintiff himself having, after this ruling of the court, introduced evidence as to the depreciation of the general rental value, cannot be heard to object that the defendant was allowed to rebut it.

Order affirmed.